UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

TIMOTHY MARCUS MAYBERRY,

    Plaintiff,

        v.                             CAUSE NO. 3:23-CV-612-JD-MGG

RON NEAL, CHRISTINA REAGLE,
DAVID LIEBEL, JOHNSON, and
UNNAMED ISP CHAPLAIN,

    Defendants.

## OPINION AND ORDER

Timothy Marcus Mayberry, a prisoner without a lawyer, filed a complaint and a motion for a preliminary injunction, naming as defendants officials from both Indiana State Prison ("ISP") and the Indiana Department of Correction ("IDOC"). ECF 2. "A document filed *pro se* is to be liberally construed, and a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quotation marks and citations omitted). Nevertheless, under 28 U.S.C. § 1915A, the court must review the merits of a prisoner complaint and dismiss it if the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief.

Mayberry is an adherent of an unspecified branch of Islam. In this lawsuit, he raises a host of complaints about his ability to practice his religion; perceived discriminatory treatment towards Islamic religions as compared to Christian and Judaic

religions; the quality of the food he is served; and a disagreement he has with prison staff regarding how he signs his name. The problem with Mayberry's complaint, though, is that he has not alleged a plausible basis to bring all these claims in the same lawsuit.

Claims in a single lawsuit must be related. *George v. Smith*, 507 F.3d 605, 607 (7th Cir. 2007); *see also Owens v. Evans*, 878 F.3d 559, 566 (7th Cir. 2017). Claims are related either if the same defendant is involved in each claim <u>or</u> if the claims all stem from the same transaction or occurrence and there is a common question of law or fact. Fed. R. Civ. P. 18(a), 20(a)(2). Put another way, "[a] plaintiff may join as many claims as he has against a single defendant, but may join multiple defendants in a suit only if all of the defendants could be liable on a single claim." *Manson v. W. Ill. Corr. Ctr.*, No. 21-2941, 2022 WL 4298559 (7th Cir. Sept. 19, 2022) (unreported) (citations omitted). "When a prisoner sues government defendants, we recommend that the district court assess whether joinder is proper under Rule 20 before considering the merits." *Dorsey v. Varga*, 55 F.4th 1094, 1107 (7th Cir. 2022).

The difficulty in assessing whether these claims are related is that, with a couple of exceptions, Mayberry does not allege how each defendant was involved in each of the alleged violations. He sues Ron Neal (Warden of ISP), Christina Reagle (Commissioner of IDOC), David Liebel (Religious Authority of IDOC), Johnson (Aramark Supervisor at ISP), and an unnamed Chaplain at ISP—all of whom occupy different roles in the IDOC system. ECF 2 at 1-2. But in the complaint, he frequently lumps them all together. For example, he alleges:

> Since February 10th, 2023, NEAL, REAGLE, LIEBEL, and Miss JOHNSON have ordered and/or authorized Aramark and Indiana Department of Correction staff to deny me clean drinking water and a halal diet, and instead to provide me with haram drinking water and a haram vegetarian soy-based kosher diet.

ECF 2 at 4 (cleaned up). But he does not break down how each defendant was involved in the denial of clean drinking water and a halal diet. Because he does not clearly state why he is suing each defendant, the court cannot perform a relatedness analysis.

When a plaintiff files a complaint with unrelated or mis-joined claims, the court may allow the plaintiff to decide which properly joined and related claims to pursue in the current case and when (or if) to bring the other claims in separate suits. *See Wheeler v. Wexford Health Sources, Inc.*, 689 F.3d 680, 683 (7th Cir. 2012) (District courts may direct a plaintiff "to file separate complaints, each confined to one group of injuries and defendants."). Mayberry needs to decide which related claims to bring in this case and file an amended complaint, limited to those claims.

Mayberry also filed a motion for a preliminary injunction, asking that the court order defendants to provide him with a proper halal diet. ECF 4. But until it is determined what claims he may proceed on in his complaint, a motion for a preliminary injunction is premature. The preliminary injunction motion will be denied, with leave to refile if the amended complaint contains a claim concerning his religious diet and Mayberry believes he is entitled to preliminary injunctive relief.

Mayberry will thus be granted an opportunity to file an amended complaint containing only related claims. *Luevano v. WalMart Stores, Inc.*, 722 F.3d 1014, 1022-23, 1025 (7th Cir. 2013); *Loubser v. Thacker*, 440 F.3d 439, 443 (7th Cir. 2006). If he decides to file an amended complaint, he must put this cause number on a **Pro Se 14 (INND Rev.**

3

**2/20) Prisoner Complaint** form, which is available from his law library. In the amended complaint, he must provide facts to explain how and when the alleged violation occurred and to plausibly allege how each defendant was involved. A complaint must contain sufficient factual matter to "state a claim that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the pleaded factual content allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Twombly*, 550 U.S. at 556). If he wants to pursue additional, unrelated claims, he must file a separate complaint with a new case number for each group of claims.

For these reasons, the court:

(1) DENIES the motion for a preliminary injunction (ECF 4);

(2) GRANTS Timothy Marcus Mayberry until **September 14, 2023**, to file an amended complaint containing only related claims; and

(3) CAUTIONS Timothy Marcus Mayberry if he does not respond by the deadline or if he files an amended complaint with unrelated claims, the court will select one group of related claims and dismiss the others without prejudice.

SO ORDERED on August 10, 2023

/s/ JON E. DEGUILIO
JUDGE
UNITED STATES DISTRICT COURT